IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Graham, Jr., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Michael McCall, Warden Perry C.I., )<br>)<br>Respondent. )<br>) | Civil Action No. 6:10-376-MBS-WMC<br><br>**ORDER AND**<br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the petitioner's motion for default judgment and for evidentiary hearing (doc. 15) and motion for subpoena (doc. 21). The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief.

On April 23, 2010, the petitioner moved for default judgment against the respondent, arguing the respondent failed to timely file a responsive pleading. The motion is without merit. On February 26, 2010, this court issued an order authorizing service of process and advising the respondent "to file an answer or other response to the petition as soon as reasonably possible but no later than fifty (50) days from the date of service." The respondent was served with the petition on that same date. The PACER docket entry following the order authorizing service reflects that the return and memorandum was due by April 20, 2010. On April 20, 2010, the respondent timely filed a return to the petition and

a motion for summary judgment. Accordingly, the petitioner's motion for default judgment and for an evidentiary hearing (doc. 15) should be denied.

On April 29, 2010, the petitioner filed a document captioned, "Notice of Motion and Motion for Subpoenas to issue" (doc. 21), in which he seeks a subpoena for Mrs. Michelle Owens to testify at an evidentiary hearing. Further, he seeks a subpoena for himself, also to testify at an evidentiary hearing. The court has not ordered that an evidentiary hearing be convened in this case. The respondent has moved for summary judgment on the pleadings and the supporting documents filed with the return. Should the court rule that an evidentiary hearing is warranted after considering the motion for summary judgment, the petitioner may renew his motion.

Wherefore, based upon the foregoing,

IT IS RECOMMENDED that the petitioner's motion for default judgment and for evidentiary hearing (doc. 15) be denied; and

IT IS ORDERED that the petitioner's motion for subpoenas (doc. 21) is denied.

                                                              s/William M. Catoe
                                                              United States Magistrate Judge

May 13, 2010

Greenville, South Carolina