IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Graham, Jr., <br>                     Petitioner, <br> vs. <br> Michael McCall, Warden, Perry C.I., <br>                     Respondent. | Civil Action No. 6:10-376-MBS-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently incarcerated in Perry Correctional Institution pursuant to an order of commitment from the Clerk of Court of Florence County. A Florence County Grand Jury indicted the petitioner in June 1997 for burglary, first degree, and grand larceny (PCR App. 502-503). The State served notice of its intent to seek life without the possibility of parole pursuant to the state recidivist statute, S.C. Code Ann. § 17-25-45 (PCR App. 7-8). Attorneys Todd S. Tucker and Michael S. Bell represented the petitioner on the charges. A jury trial was held November 6-7, 1997, before the Honorable B. Hicks Harwell, Jr. The jury convicted the petitioner as charged (PCR App.

306; 504). The judge sentenced the petitioner to life without the possibility of parole for the burglary, and one year, concurrent, for larceny (PCR App. 335; 505-506). The petitioner appealed. Aileen P. Clare, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented him on appeal. Appellate counsel filed a Final Brief of Appellant in the South Carolina Court of Appeals on February 25, 1999, and raised the following issue:

> Does Appellant's life sentence constitute cruel and unusual punishment, where his crime would have been classified as a second degree burglary under ordinary circumstances, and where the same predicate offenses were used to enhance the degree of burglary and to impose a life sentence without possibility of parole under S.C. Code Section 17-25-45?

(PCR App. 340).

The State filed its final brief on February 25, 1999 (PCR App. 349-365). The case was thereafter transferred to the Supreme Court of South Carolina pursuant to Rule 204, South Carolina Appellate Court Rules (PCR App. 367). The Supreme Court of South Carolina affirmed the conviction and sentence in an memorandum opinion filed March 13, 2000 (PCR App. 367-368). The state court issued the remittitur on April 19, 2000.

On May 22, 2000, the petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

> (a) Applicant denied Effective Assistance of Counsel;
>
> I were [sic] deprived of my constitutional right to a lawyer with Right to effective legal aid.
>
> (b) Cruel and Unusual Punishment;
>
> not allowing applicant adequate time for discovery and motions denied; Also cruel punishment of confinement.
>
> (c) Violation of Constitutional Rights;
>
> court failure to comply with applicant constitutional rights for a fair trial or plea denied.

2

(PCR App. 370-371).

Attorney E. Glenn Elliott represented the petitioner in the PCR case. PCR counsel filed a motion to amend on December 6, 2000, to include multiple claims as reflected in an attached *pro se* document (PCR App. 398-407). On March 9, 2001, PCR counsel filed a motion to amend the application to include an allegation of a "violation of Rule 3, Subparts a, b and c, of the South Carolina rules of Criminal Procedure" (PCR App. 394-395). On April 10, 2001, PCR counsel moved for a default judgment against the State for failure to timely file a return (PCR App. 391-392). On June 28, 2001, PCR counsel moved for summary judgment based on the record (PCR App. 376-390). The State made its return on November 16, 2001 (PCR App. 420-242). An evidentiary hearing was held June 3, 2002, before the Honorable James E. Brogdon, Jr. By order dated July 12, 2002, and filed July 29, 2002, Judge Brogdon denied the petitioner's motions and denied relief (PCR App. 495-501). The petitioner appealed.

Tara S. Taggart, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. On April 24, 2003, appellate counsel filed a *Johnson*[1] Petition with the Supreme Court of South Carolina, and raised the following issue:

> Whether counsel was ineffective for failing to adequately prepare for trial.

(*Johnson* Petition, p. 2).

Appellate counsel also moved to be relieved as "[i]n her opinion seeking certiorari from the order of dismissal [was] without merit" (*Johnson* Petition, p. 5).

---

[1] The Supreme Court of South Carolina "has approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), were followed." *Johnson v. State*, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (1988). The state court adheres to this requirement even though the United States Supreme Court has held, in *Pennsylvania v. Finley*, 481 U.S. 551(1987), that such a review is not required. *Id*.

3

The State filed a letter *in lieu* of return on April 25, 2003. By letter dated April 25, 2003, the Supreme Court of South Carolina advised the petitioner of his opportunity to file a *pro se* response. On or about May 22, 2003, the petitioner filed a *pro se* response raising the following issues for consideration:

1. Did trial court have Subject matter Jurisdiction where it was proven that indictment was never "filed."

2. Was trial counsel ineffective after testifying that he checked the indictment - and not finding it was "never" filed and that the elements used in the body to enhance the sentence of life with out parole were Nolle processed, and dismissed, and not according to requirement of statue.

3. Was pcr Judge in error for not finding that indictment not filed; was violation of petitioners due process, after he state it was'nt filed.

(*Pro Se* Petition, "Questions presented")(errors in original).

The Supreme Court of South Carolina denied the petition on November 6, 2003, and issued the remittitur on November 24, 2003. The petitioner subsequently attempted to file a *pro se* petition for rehearing, which was rejected on December 10, 2003, for failure to timely file.

The petitioner filed a second PCR application "Pursuant to: S.C. Code Ann., Sect. 17-17-10, et. seq. and S.C. Const. Art. 5, Section 5," on January 14, 2005, and raised the following issues:

(a) subject matter jurisdiction;

(b) constitutional violations;

(c) prosecutorial misconduct.

(2005 Application, p. 3).

The petitioner also filed a brief and specified the exact issues raised as follows:

4

A. The trial court lacked subject matter jurisdiction to enter a conviction or impose a life sentence upon indictment 97-GS-21-742; due to the fatal variance between the evidence presented at trial and the allegations within the indictment.

B. Was the Applicant denied his Sixth Amendment Right to a fundamentally fair trial?

(2005 PCR Application, Brief, p. 4).

The petitioner conceded the allegations were new – the allegations of the 2005 petition had not been raised in either his direct appeal or his prior PCR action (see 2005 Application, p. 5). On July 18, 2005, the State filed a return and motion to dismiss. On July 12, 2005, the petitioner filed a motion to amend the action to include the following issues:

1. The failure to provide an adequate, complete, effective, and meaningful discovery pursuant to Rule 5, SCRCRIMP and Brady v. Maryland, 378 U.S. 83 (1963) by the prosecution;

2. The failure of the solicitor to disclose to the defendant, a proper written notice of intent to invoke the recidivist statute pursuant to S.C. Code Ann. #17-25-45(H) (Supp. 2000);

3. The improper introduction of character evidence in violation of Rule 404(B), SCRE and State v. Lyle, 125 S.C. 406, 118 S.E. 803 (1923) in order to obtain a conviction and impose sentence under S.C. Code Ann. #17-25-45(H)(Supp. 2000).

(July 12, 2005 Motion to Amend).

The petitioner also moved to amend the caption to reflect a "Petition for Writ of Habeas Corpus Ad Subjiciendum to the Florence County Court of Common Pleas." On August 11, 2005, the State made an amended return and moved to dismiss the action. On August 22, 2005, the Honorable J. Michael Baxley issued a Conditional Order of Dismissal, allowing the petitioner 20 days to show cause why the order should not be become final.

On or about August 29, 2005, the petitioner made a response to the conditional order. The petitioner also filed a document dated January 6, 2006, and titled "Habeas Corpus Petition for Writ of Habeas Ad Subjuciciendum," arguing:

1. "...the defendants...is not a member of the armed forces...";

2. "...no person shall be convicted for an offense unless duly and legally convicted...";

3. "...failure of solicitor to provide adequate discovery pursuant to Brady Law Rule (5).";

4. "Unconstitutional invoking the recidivist statute or provisions as per subsection (H) S.C. Code 17-25-45 Supp. 2000)...";

5. "Violation of state federal and legislators enactment with illegal three (3) strikes law violation of 14th amendments and 8th amendment.";

6. [Persons working with the Attorney General's office have been illegally and unethically contacting his wife and harassing her about her husband's sentence, telling Petitioner's wife he will never get out of prison in an attempt to destroy his marriage, and mailing materials to Evans knowing pursuant to subsequent correspondence that Petitioner was not there] and "Michael Bell presented false documentation to the media."

(Errors in original).

On October 31, 2006, the Honorable Michael G. Nettles, after reviewing the response and original pleadings, found that the petitioner failed to show "a sufficient reason why the Conditional Order of Dismissal should not become final," and issued a Final Order. On January 3, 2007, the petitioner filed a "Motion for Relief Judgment" and "Motion to Amend Pursuant to Rule 60(B) SCRCP citing Rule 52(a) off Dismissal." The State made its return to the motion on May 17, 2007. The Honorable Thomas A. Russo denied the motions by order dated May 29 2007, and filed May 30, 2007. The petitioner appealed.

The South Carolina Court of Appeals dismissed the appeal on November 13, 2007, for failure to provide proof of ordering the transcripts as required by court rules. The court of appeals issued the remittitur on November 28, 2007.[2]

On August 17, 2009, the petitioner filed a Complaint seeking state habeas relief on "grounds not 'adjudicated'" in his prior action. Those "grounds," though not set out clearly, are construed as follows:

1) failure of Respondent to at least grant Petitioner an evidentiary hearing on the merit and <u>unconsitutionality</u> of his unlawful conviction and sentence for which he is being gravely held in custody against the mandate and principles of a civil society shocking to the universal sense of justice, and constitutes unfairness to the practical eye;

[2] ... Respondent only used as evidence to convict Petitioner ... his arrest warrants and past indictments;

[3] Failure of Respondent to provide crucial Brady material that would have changed the outcome of the trial conviction and sentence;

[4] Failure to disclose a copy of the Respondent's intention to invoke the recidivist statute...

[5] improper evidence to support entry into a dwelling or burglary, 1st;

[6] improper [code section] used to enhance Petitioner's sentence under the three strike where Petitioner only had one (1) prior conviction therefore trial court was without jurisdiction to impose conviction...

(2009 Complaint, pp. 6-7).

---

[2] It appears that the petitioner filed a premature notice of appeal on or about December 6, 2006, prior to filing his post-final order motions. That appeal was handled separately, but was also dismissed – for failure "to provide information regarding transcripts and/or failure to serve and file the appellant's initial brief and designation of matter as" required by court rules. The court issued the Order of Dismissal on January 11, 2007, and the remittitur on February 1, 2007.

The State made its Return on November 19, 2009, and moved to dismiss the action. On October 13, 2009, the petitioner moved to amend his complaint to include an allegation that the trial court lack subject matter jurisdiction based on terms of court, and an allegation of ineffective assistance of counsel regarding counsel's failure on same: "Counsel was ineffective for failure to investigate properly, and obtain this information prior to court." On October 27, 2009, the petitioner filed a motion seeking default judgment. By order dated and filed November 23, 2009, the Honorable Thomas A. Russo denied and dismissed the petition for writ of habeas corpus. In particular, Judge Russo found:

> ... the Petitioner could have raised the issues he is currently raising in a PCR application or on direct appeal. Thus, he is procedurally barred from petitioning the circuit court for a writ of habeas corpus and may only seek state habeas corpus relief by filing a petition for a writ of habeas corpus in the original jurisdiction of the South Carolina Supreme Court.

(Order, November 23, 2009, p. 6).

Judge Russo also specifically addressed the petitioner's allegation that the grand jury in his case was not legally convened. Judge Russo found, not only had the petitioner relied on an inapplicable statutory provision for Greenville County (where the petitioner's conviction arose in Florence County), but also that terms of court the petitioner relied upon were for circuit court and family court, not the grand jury (Order, November 23, 2009, p. 7). The petitioner appealed.

In his notice of appeal, the petitioner included a Petition for Writ of Habeas Corpus in the Original Jurisdiction of the Supreme Court of South Carolina. By letter dated December 22, 2009, the Clerk of the Supreme Court of South Carolina requested the petitioner provide a written explanation of an arguable basis for an appeal from Judge Russo's order, pursuant to court rule. The Clerk also advised that the Petition for Writ of Habeas Corpus would be addressed separately. The petitioner filed a response as to the arguable basis. On January 26, 2010, the Supreme Court of South Carolina dismissed the

notice of appeal upon the petitioner's failure to show an arguable basis for alleging that Judge Russo's determination that habeas relief was improper. The court issued the remittitur on February 11, 2010. On January 7, 2010, the Supreme Court of South Carolina denied the petition filed in its original jurisdiction.

In his *pro se* petition for habeas corpus relief now before this court, the petitioner makes the following allegations:

> **Ground one:** Trial counsel was ineffective for allowing petitioner to be tried for life w/out possibility of parole pursuant 17-25-45(H) without placing petitioner on notice per legislative intent.
>
> **Ground two:** Trial counsel was ineffective for allowing petitioner to be tried and convicted upon an indictment where the court had no legal or lawful authority or power to act.
>
> **Ground three:** Trial counsel allowed State to comitt [sic] a grave brady violation by suppressing its notice of intent to seek life without parole.
>
> **Ground four:** Supreme Court err[ed] finding habeas corpus denial in lower court was proper.

On April 20, 2010, the respondent filed a motion for summary judgment. By order filed April 21, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 23, 2010, the petitioner filed a motion for evidentiary hearing and default judgment, and on April 29, 2010, he filed a motion for subpoena. Also on April 29, 2010, the petitioner filed his opposition to the motion for summary judgment. On May 13, 2010, this court denied the motion for subpoena and recommended that the motion for hearing and for default judgment be denied. By order filed June 11, 2010, the Honorable Margaret B. Seymour, United States District Judge, adopted that recommendation. On August 26, 2010, the petitioner filed a

motion to amend in which he seeks to "supplement" his original grounds for relief with additional information.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> Title 28, United States Code, Section 2244(d), provides:
>
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **ANALYSIS**

The respondent first argues[3] that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This court agrees. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Further, the tolling period for state collateral review does not include the time for filing a petition for certiorari in the United States Supreme Court seeking review of the denial of state PCR. *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007) ("Read naturally, the text of the statute

---

[3] As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

11

must mean that the statute of limitations is tolled only while state courts review the application. ... [A]llowing the statute of limitations to be tolled by certiorari petitions would provide incentives for state prisoners to file certiorari petitions as a delay tactic. By filing a petition for certiorari, the prisoner would push back § 2254's deadline while we resolved the petition for certiorari. This tolling rule would provide an incentive for prisoners to file certiorari petitions – regardless of the merit of the claims asserted – so that they receive additional time to file their habeas applications").

The Supreme Court issued the remittitur in the petitioner's direct appeal on April 19, 2000. The time for seeking direct review of the petitioner's state court conviction would have concluded 90 days later when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (2000). However, the petitioner filed his first PCR action on May 22, 2000, before the lapse of the 90-day period, thus immediately tolling the federal limitations period. Accordingly, no time lapsed between the direct appeal and the subsequent PCR action.

The petitioner's PCR concluded when the Supreme Court of South Carolina issued the remittitur in the PCR appeal on November 24, 2003. The petitioner had 365 days left in which to timely file a habeas petition, or up to and including November 23, 2004. *See Harris*, 209 F.3d at 327 ("the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court").

The petitioner filed a second PCR application on January 14, 2005. The South Carolina Court of Appeals dismissed the appeal of the dismissal of that action on November 13, 2007, and issued the remittitur on November 28, 2007. On August 17, 2009, the petitioner filed a third PCR application seeking state habeas relief on "grounds not 'adjudicated'" in his prior action. Judge Russo found:

12

> ... the Petitioner could have raised the issues he is currently raising in a PCR application or on direct appeal. Thus, he is procedurally barred from petitioning the circuit court for a writ of habeas corpus and may only seek state habeas corpus relief by filing a petition for a writ of habeas corpus in the original jurisdiction of the South Carolina Supreme Court.

(Order, November 23, 2009, p. 6). Judge Russo also specifically addressed the petitioner's allegation that the grand jury in his case was not legally convened. Judge Russo found that not only had the petitioner relied on an inapplicable statutory provision for Greenville County (where the petitioner's conviction arose in Florence County), but also that the terms of court the petitioner relied upon were for circuit court and family court, not the grand jury (Order, November 23, 2009, p. 7). On January 26, 2010, the Supreme Court of South Carolina dismissed the notice of appeal and issued the remittitur on February 11, 2010.

As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. The petitioner delivered his § 2254 petition to prison authorities for mailing to the court on February 12, 2010, the date stamped on the front of the envelope containing his petition.

As the second and third PCR actions were filed after the statute of limitations expired, the actions could toll nothing. The petitioner argues, however, that his one year had not expired because the issues in his petition are "newly discovered" (Habeas Petition at p. 14). To establish statutory tolling, the newly discovered evidence date at issue would be "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244 (d)(1)(D). Here, the issues the petitioner wishes to have heard could have been raised in his first PCR. In fact, the petitioner claims that his PCR counsel was ineffective in failing to present three of his four grounds for relief (grounds one, three, and four) which, as argued by the respondent, is a tacit admission that the claims were discoverable through the exercise of

13

due diligence. Further, with regard to ground two, the petitioner claims he discovered in September 2009 that the grand jury was not properly convened and, thus, this ground is timely (pet. resp. m.s.j. 3). However, he clearly relies upon records that were available in 1997 (time of trial) and 2000 (time of first PCR). The petitioner has failed to show that he qualifies for statutory tolling under the newly discovered factual predicate provision.

The Supreme Court of the United States recently held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, the petitioner has failed to show that he was prevented from timely filing by extraordinary circumstances that were beyond his control. Accordingly, equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the petition was not timely filed, and it is barred by Section 2244(d)(1).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 11) be granted. The petitioner's pending motion to amend will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, the motion to amend (doc. 38) will be rendered moot.

s/Kevin F. McDonald
United States Magistrate Judge

October 18, 2010

Greenville, South Carolina

14