IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Graham, Jr., #178039, ) | |
| ) | C/A No. 6:10-0376-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Michael McCall, *Warden Perry C.I.*, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Robert Graham, Jr. ("Petitioner") is a prisoner in the custody of the South Carolina Department of Corrections currently serving a life sentence imposed under South Carolina's recidivism statute following his conviction for burglary. On February 17, 2010, Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Habeas Petition"). ECF No. 1. This matter is presently before the Court on Respondent's motion for summary judgment. ECF No. 11. For the reasons set forth below, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES** the Habeas Petition with prejudice.

**I.    BACKGROUND**[1]

In June 1997, Petitioner was indicted for first degree burglary and grand larceny. See Indictment, ECF No. 12-5 at 81. Petitioner was tried before a jury in the Court of General Sessions for Florence County on November 6–7, 1997, where he was represented by Todd Tucker and Michael S. Bell, both of the Florence County Public Defender's Office. The jury took less than one

---

[1] The lengthy procedural background of this matter is set forth in detail in the Magistrate Judge's Report and Recommendation, ECF No. 40, and is repeated here only as necessary to address Petitioner's objections.

1

hour to deliberate before convicting Petitioner on both counts. See Trial Tr. 1, ECF No. 12-1 at 3; Trial Tr. 315:8–9, ECF No. 12-4 at 16; Verdict Form, ECF No. 12-5 at 82. At sentencing, Petitioner admitted that he had committed the crimes that he was accused of, but asked for the court's mercy. Trial Tr. 319:14–323:14, ECF No. 12-4 at 20. The Honorable B. Hicks Harwell, Jr., found that Petitioner was subject to South Carolina's recidivism statute, which required that he be sentenced to life without possibility of parole for the burglary conviction. Petitioner was also sentenced to one year imprisonment for the grand larceny conviction, to run concurrently with the life sentence. Trial Tr. 334:25–335:7, ECF No. 12-4 at 35.

Petitioner filed a direct appeal to the South Carolina Court of Appeals, which was certified for review by the South Carolina Supreme Court pursuant to South Carolina Appellate Court Rule 204. Aileen P. Clare, Assistant Appellate Defender with the South Carolina Office of Appellate Defense, served as Petitioner's appellate counsel. See Final Appellate Br., ECF No. 12-4 at 38. By memorandum opinion filed on March 13, 2000, the South Carolina Supreme Court affirmed Petitioner's conviction and sentence. S.C. Sup. Ct. Memo. Op. No. 2000-MO-028, ECF No. 12-4 at 68. The Remittitur was issued on April 19, 2000. ECF No. 12-6.

Petitioner filed his first application for post-conviction relief (the "First PCR"), pro se, on May 22, 2000. See PCR I, ECF No. 12-4 at 70. A hearing on the application was held before the Honorable James E. Brogdon, Jr., in the Court of Common Pleas for Florence County on June 3, 2002. See Hr'g Tr., ECF No. 12-5 at 3. At that hearing, Petitioner was represented by Amy Wise, Esquire, who appeared on behalf of E. Glenn Elliott, Petitioner's appointed PCR counsel.[2] The court heard testimony from Petitioner and Mr. Tucker and Mr. Bell, Petitioner's counsel at trial. On July

---

[2] The record does not reflect why Mr. Elliott did not attend the hearing.

12, 2002, Judge Brogdon issued an order dismissing Petitioner's First PCR. See Order, ECF No. 12-5 at 73. Assistant Appellate Defender Tara S. Taggart of the South Carolina Office of Appellate Defense filed a petition for writ of certiorari on Petitioner's behalf with the South Carolina Supreme Court. Johnson Pet., ECF No. 12-7 at 1. Petitioner also filed a pro se petition. ECF No. 12-7 at 10. By order dated November 6, 2003, the South Carolina Supreme Court denied both. Petitioner filed a pro se petition for rehearing, which was also denied. See S.C. Sup. Ct. Order (Dec. 10, 2003), ECF No. 12-7 at 17. The Remittitur was issued on November 24, 2003. ECF No. 12-7 at 16.

On January 14, 2005, Petitioner filed a second pro se PCR application (the "Second PCR"), ECF No. 12-8 at 1. The matter came before the Honorable J. Michael Baxley in the Court of Common Pleas for Florence County. Based on subsequent documents that Petitioner filed, the court found that Petitioner "intend[ed] for the action to be treated as a Petition for Writ of Habeas Corpus." Conditional Order of Dismissal 1, ECF No. 12-8 at 51. On August 22, 2005, Judge Baxley issued a conditional order of dismissal, giving Petitioner twenty days to show why the action should not be dismissed as procedurally barred.[3] Id. at 5, ECF No. 12-9 at 1. The action was dismissed, with prejudice, by a final order dated October 31, 2006. See Final Order, ECF No. 12-9 at 14. Petitioner filed a motion for relief from judgment and motion to amend, both of which were denied by an order signed by the Honorable Thomas A. Russo on May 29, 2007. See Order, ECF No. 12-9 at 50.

---

[3] South Carolina law prohibits a petitioner from seeking a writ of habeas corpus in the circuit court "where the matter alleged is one which could have been raised in a PCR application." Keeler v. Mauney, 500 S.E.2d 123, 124 (S.C. Ct. App. 1988). Judge Baxley found that each of Petitioner's allegations could have been raised in a PCR application or on direct appeal. Therefore, he concluded that Petitioner was "procedurally barred from petitioning the circuit court . . . and may only seek state habeas corpus relief by filing a petition for a writ of habeas corpus in the original jurisdiction of the South Carolina Supreme Court." Order 5, ECF No. 12-9 at 1.

Petitioner filed an appeal, which was dismissed by the South Carolina Court of Appeals by order dated November 13, 2007. Order of Dismissal 1, ECF No. 12-10 at 13. The Remittitur was issued on November 28, 2007. ECF No. 12-10 at 14.

On August 17, 2009, Petitioner again filed an action in the state court seeking habeas relief. ECF No. 12-11 at 1. Judge Russo issued an order denying and dismissing the petition on November 23, 2009. Order of Dismissal, ECF No. 12-11 at 47. Petitioner again appealed. That appeal was dismissed by the South Carolina Supreme Court by order issued on January 26, 2010. ECF No. 12-12 at 31. The Remittitur followed on February 11, 2010. ECF No. 12-12 at 33.

Petitioner filed the instant Habeas Petition on February 17, 2010. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe and then reassigned to United States Magistrate Judge Kevin McDonald for pretrial handling. On April 20, 2010, Respondent filed a motion for summary judgment. ECF No. 11. As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on April 21, 2010, advising Petitioner of the summary judgment motion and dismissal procedures and the possible consequences if he failed to respond adequately. Roseboro Order, ECF No. 13. Petitioner filed a response in opposition to the motion for summary judgment on April 29, 2010. ECF No. 19. On October 18, 2010, the Magistrate Judge issued a Report and Recommendation (the "R&R") recommending that the Court grant Respondent's motion and dismiss the Habeas Petition with prejudice as time-barred. R&R 14, ECF No. 40. Petitioner filed an objection to the R&R on November 4, 2010. Pet'r's Objection, ECF No. 43.

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight—the ultimate responsibility for making a final determination remains entirely with this Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's R&R. Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982).

Because the Habeas Petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Petitioner's claims are subject to 28 U.S.C. § 2244(d), as amended. The AEDPA imposes a one-year limitations period on habeas applications by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs

> . . . from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In rare circumstances, the one-year limitations period may be equitably tolled, but "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, -- U.S. --, 130 S.Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

### III.   ANALYSIS

Petitioner argues that the Habeas Petition is not time-barred for several reasons. First, Petitioner argues that the Court should calculate the limitations period as set forth in 28 U.S.C. § 2244(d)(1)(D), under which the one-year deadline does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner argues that, applying this subsection, the limitations period did not properly begin to run until "April 26, 2004[,] . . . the date he discovered through Katherine C. Link Law Firm that respondant [sic] enhanced [Petitioner's] sentence for two or more convictions he never had[.]" Pet'r's Objections 3, ECF No. 43. In support, Petitioner attaches a letter from Katherine Carruth Link, Esquire, to the Florence County Circuit Court Clerk's Office requesting copies of exhibits 1, 2, 3, and 4 from Petitioner's trial. ECF No. 43-2 at 1.

Petitioner's objection is unsupportable for two reasons. First, it contradicts his testimony at the hearing held before Judge Brogdon on his First PCR, where Petitioner admitted that he was "convicted in 1991 . . . before Judge Waller of two counts of burglary second . . . violent[.]" First

6

PCR Hr'g Tr. 41:23–42:4, ECF No. 12-5 at 43.  Second, the limitations period under 28 U.S.C. § 2244(d)(1)(D) is triggered, not when a habeas petitioner <u>actually</u> discovers the factual predicate of his claim, but rather, "on the date that the inmate *could have* discovered the factual predicate of his claim 'through public sources.'"  <u>Green v. Johnson</u>, 515 F.3d 290, 305 (4th Cir. 2008) (quoting <u>Wade v. Robinson</u>, 327 F.3d 328, 333 (4th Cir. 2003)) (emphasis added).  Petitioner does not explain why he could not have obtained these exhibits prior to April 2004.

Similarly, Petitioner claims that the limitations period did not properly begin to run until September 2009, when he "discovered" that "no grand Jury convened upon their oath with Petitioner case [sic] as stipulated June 5, 1997 for burglary first and grand larceny[.]"  Pet'r's Objections 5, ECF No. 43.  In support, Petitioner attaches a letter to him from the South Carolina Court Administration, dated September 23, 2009, which provides in relevant part:

> Enclosed is a copy of the information you requested.
> Any information requested pertaining to the **State Grand Jury and County Grand Jury** schedule may be obtained through the **County Clerk of Court** where your case was heard.

ECF No. 43-2 at 4 (emphasis in original).  Attached is a document titled "Terms of Circuit And Family Court June 1997."  <u>Id.</u> at 5.  Again, Petitioner fails to explain why he could not have discovered this information earlier.  Furthermore, the documentation does not support Petitioner's claim that a grand jury was not convened in Florence County on June 5, 1997.  As the letter plainly states, that information was not available from the South Carolina Court Administration.  The calendar that Petitioner attaches is labeled "Terms of Circuit and Family Court"; it makes no reference to the terms of the grand jury.

The remainder of Petitioner's objections do not relate to the timeliness of the Habeas Petition

and therefore need not be addressed.

### IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). The Court concludes that Petitioner has not made the requisite showing. Accordingly, the Court **declines** to issue a COA.

### V.    CONCLUSION

For the reasons discussed above, Respondent's motion for summary judgment is **GRANTED**, ECF No. 11, and the Habeas Petition is **DISMISSED WITH PREJUDICE**. Petitioner's motion to amend simply restates several of Petitioner's unsubstantiated claims and does not save the Habeas Petition from dismissal as time-barred. It is, therefore, **DENIED AS MOOT**, ECF No. 38. The Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

IT IS ORDERED.

/s/ Margaret B. Seymour
United States District Judge

February 11, 2011
Columbia, South Carolina